# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Jason Damen,
    Petitioner,

vs.                               Case No. 1:06cv214
                                   (Spiegel, S.J.; Hogan, M.J.)

Ernie Moore,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court for ruling on respondent's motion to dismiss (Doc. 5), which has not been opposed by petitioner.

### Procedural Background

      On July 15, 2003, petitioner and a co-defendant were indicted by the Hamilton County, Ohio, grand jury on one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specifications; and one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(2). (Doc. 5, Ex. 1). After a bench trial on the robbery charge, petitioner was acquitted of that count. (*Id.,* Ex. 2). After a jury trial on the remaining aggravated robbery charge with specifications, petitioner was found guilty as charged. (*Id.,* Ex. 3). On October 17, 2003, he was sentenced to consecutive three (3) year terms of imprisonment for the underlying offense and firearm specification. (*Id.*).

With the assistance of counsel appointed for appeal purposes, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, claiming in his sole assignment of error that his conviction was against the manifest weight of the evidence. (*See id.,* Exs. 3, 4). On August 20, 2004, the Ohio Court of Appeals issued a Decision and Judgment Entry overruling the assignment of error and affirming the trial court's judgment. (*Id.,* Ex. 4).

Petitioner took no further action to challenge his conviction or sentence until December 15, 2005, when he filed a *pro se* motion for delayed appeal with the Ohio Supreme Court. (*See id.,* Ex. 5). He claimed as cause for his delay in filing that he had asked the attorney who represented him on direct appeal to file an appeal on his behalf with the Ohio Supreme Court; that he sent letters to his attorney on January 6, February 1, May 2, July 7 and September 1, 2005 "to find out the status of my case," but received no response to those letters; that he was never notified by his appellate counsel that he was no longer representing petitioner for purposes of appeal to the Ohio Supreme Court; and that he only "recently found out through family members who check[ed] with the Clerk of Courts, that a Notice of Appeal was not filed in my behalf by Appellate Counsel." (*Id.*). On January 25, 2005, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the case without opinion. (*Id.,* Ex. 6).

The instant federal habeas petition, signed by petitioner on February 27, 2006, was filed with the Court on April 14, 2006. (Doc. 1). Petitioner alleges the following grounds for relief:

> **Ground One:** Denied access to court [when the Ohio Supreme Court denied petitioner's motion for delayed appeal in the face of evidence establishing that a timely appeal would have been filed but for the ineffectiveness of petitioner's appellate counsel].
>
> **Ground Two:** Conviction obtain[ed] against the manifest weight of evidence.
>
> **Ground Three:** Denied effective assistance [by appellate counsel, who "impeded" petitioner's case by failing either to file a notice of appeal to the Ohio Supreme Court on petitioner's behalf or to notify petitioner that he had discontinued his representation of petitioner and, therefore, would not be pursuing a further appeal to the Ohio Supreme Court].

(*Id.*).

In response to the petition, respondent has filed a motion to dismiss the petition on the grounds that (1) petitioner's second claim for relief is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. §2244(d); and (2) petitioner's claims for relief are not cognizable in this habeas proceeding because they fail to trigger federal constitutional concerns. (Doc. 5).

## OPINION

### The Petition Should Be Dismissed Because Petitioner Has Not Alleged A Cognizable Constitutional Claim That May Be Remedied In This Proceeding

In Grounds One and Three of the petition, petitioner essentially contends his constitutional rights were violated by the Ohio Supreme Court's refusal to grant him a delayed appeal when it was his appellate counsel's ineffectiveness that prevented him from perfecting a timely appeal to the Ohio Supreme Court. In Ground Two of the petition, petitioner alleges the same claim of error that he raised on direct appeal to the Ohio Court of Appeals–i.e., that the verdict of guilt for aggravated robbery was against the manifest weight of the evidence.[1] As respondent has argued (Doc. 5, Brief, pp. 4-8), none of these allegations of error give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.

---

[1] Although respondent has argued that this second ground for relief is time-barred, the Court assumes, without deciding, that the manifest-weight-of-evidence claim is not procedurally barred from review on such ground. It is noted, however, that it appears from the record that the one-year limitations period applicable to this claim expired before petitioner filed his motion for delayed appeal with the Ohio Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006); *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001). Moreover, an argument can be made that equitable tolling is not justified here based on counsel's failure either to file a notice of appeal to the Ohio Supreme Court or to inform petitioner that he was no longer representing petitioner for purposes of further appeal to that court. *Cf. Thomas v. Dretke,* No. 3:04-CV-2155-G, 2005 WL 265147, at *3 (N.D. Tex. Feb. 2, 2005) (Report & Recommendation) (unpublished) (because petitioner "had no constitutionally protected right to counsel following the affirmance of his conviction on direct appeal," he could not "rely on counsel's actions or inactions following the affirmance of his conviction as a basis for equitable tolling"), *adopted as modified,* 2005 WL 440467 (N.D. Tex. Feb. 24, 2005) (unpublished).

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Here, however, petitioner's claims alleged in Grounds One and Three of the petition, which stem from alleged errors that occurred in the pursuit of discretionary review by the Ohio Supreme Court, do not trigger concerns about a possible violation of petitioner's federal constitutional rights. Moreover, petitioner's manifest-weight-of-the-evidence claim raises an issue of error under state-law only that may not be corrected in this federal habeas proceeding.

First, with respect to petitioner's claims in Grounds One and Three of the petition, it is well-settled by Supreme Court precedent that an appellant challenging his state criminal conviction is entitled to federal due process protection, including the right to effective assistance of counsel, when the state provides a first appeal as of right. *See, e.g., Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985). However, these constitutional protections do not extend beyond the first appeal as of right to subsequent state discretionary appeals or collateral review. *See Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)).

In Ohio, a criminal defendant's first appeal as of right is his direct appeal to the Ohio Court of Appeals, where he has the constitutional right to effective assistance of counsel in prosecuting that appeal. *See State v. Vaughn,* 241 N.E.2d 288 (Ohio Ct. App. 1968). However, the alleged errors at issue here occurred when petitioner sought to obtain further discretionary review by the Ohio Supreme Court, which had the authority under Rule III, § 6, of the Rules of Practice of the Supreme Court of Ohio, to decide whether or not to grant such an appeal. *See* Rule II, § 1(A)(2) and (A)(3), Rules of Practice of the Supreme Court of Ohio.[2]

---

[2]In the Ohio Supreme Court, there are several types of appeals which include "appeals of right" in capital cases and in cases that originated in the court of appeals; "claimed appeals of right" in cases where the appellant claims the existence of a "substantial constitutional question;" and "discretionary appeals" in cases involving a felony or a question of public or great general interest. *See* Rule II, §1(A), Rules of Practice of the Supreme Court of Ohio. This non-capital case, which originated in the trial court, does not involve an appeal of right to the Ohio Supreme

With the assistance of court-appointed counsel to represent him on appeal, petitioner exercised his constitutional right to a first appeal as of right to the Ohio Court of Appeals. Upon the conclusion of that appeal, petitioner no longer had constitutionally protected rights, including the right to effective assistance of counsel, for the purpose of obtaining further discretionary review by the Ohio Supreme Court, which is at issue here. *Cf. Wainwright v. Torna*, 455 U.S. 586, 587-88 & n.4 (1982) (per curiam) (holding that petitioner was not denied due process by the state supreme court's dismissal of an untimely-filed application for discretionary review or by retained appellate counsel's failure to file a timely application for discretionary review with that court, because petitioner neither had an absolute right to appeal his conviction to the state supreme court nor a constitutionally-protected right to effective assistance of counsel in seeking discretionary review by the state supreme court); *Ross,* 417 U.S. at 610-19 (holding that the state was not constitutionally required to provide a criminal defendant with counsel on discretionary appeal to the state supreme court).[3]

---

Court. Therefore, petitioner could invoke the court's appellate jurisdiction only as a "claimed appeal of right" or "discretionary appeal." The Rules of Practice of the Supreme Court of Ohio clearly provide that in such cases, the state supreme court has the discretion to determine whether or not to allow the appeal. *See* Rule II, §§ 1(A)(2) and 1(A)(3), and Rule III, § 6, Rules of Practice of the Supreme Court of Ohio.

[3]*See also DiGuglielmo v. Smith,* 366 F.3d 130, 135 (2nd Cir. 2004) (because defendant did not have a right to counsel on a state discretionary appeal, he could not claim his counsel was ineffective in failing to present claims in request for leave to appeal); *Moore v. Cockrell,* 313 F.3d 880, 882 (5th Cir. 2002) (reaffirming holding in *Jackson v. Johnson,* 217 F.3d 360, 364-65 (5th Cir. 2000), that the scope of the right to appellate counsel "does not extend to filing a motion for rehearing following the disposition of [the] case on direct appeal," and concluding that because the "constitutionally secured right to counsel ends when the decision by the appellate court is entered," petitioner could not show that he was denied effective assistance due to his counsel's failure to timely notify him of the outcome of his appeal), *cert. denied,* 538 U.S. 969 (2003); *Miller v. Keeney,* 882 F.3d 1428, 1432 (9th Cir. 1989) (rejecting argument that "the right to direct appellate counsel continues to exist in the period between losing a direct appeal and filing for discretionary review"); *Ford v. Quarterman,* Civ. Act. No. H-05-2314, 2006 WL 1787793, at *7-8 (S.D. Tex. June 26, 2006) (unpublished); *Pena v. United States,* Nos. 04CIV9700AJP, 00CR36RMB, 2005 WL 1176073, at *7-8 & n.16-17 (S.D.N.Y. May 18, 2005) (unpublished) (and numerous cases cited therein). *But cf. United States v. King,* 11 Fed.Appx. 219, 220 (4th Cir. May 23, 2001) (per curiam) (not published in Federal Reporter) ("[I]f counsel did not advise [the defendant] of the disposition of his [federal] criminal appeal . . . and of the opportunity to seek a writ of certiorari from the Supreme Court, counsel would be [constitutionally] ineffective"), *cert. denied,* 540 U.S. 851 (2003).

Accordingly, because petitioner's claims challenging the Ohio Supreme Court's denial of a delayed discretionary appeal and his counsel's representation of him after the Ohio Court of Appeals affirmed his conviction on direct appeal, do not trigger constitutional concerns, they do not give rise to a cognizable ground for relief in this federal habeas corpus proceeding. *Cf. Mapson v. Russell,* 869 F.2d 1491 (table), No. 88-3959, 1989 WL 16211, at **1 (6th Cir. Feb. 23, 1989) (unpublished) (affirming denial of petition alleging ineffective assistance of post-conviction appellate counsel as "not cognizable in federal habeas corpus," because "[t]here is no right to counsel that arises under the sixth amendment in a discretionary appeal from a judgment of conviction").

Second, petitioner's manifest-weight-of-the-evidence claim asserted in Ground Two of the petition is not cognizable in this proceeding because petitioner only alleges error under Ohio law in this ground for relief.

The Fourteenth Amendment's Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 951, 962 (1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[4]

In contrast, under Ohio law, a claim that a verdict was against the manifest weight of the evidence–as opposed to one based upon insufficient evidence–requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh

---

[4]It is noted that petitioner has not alleged a due process "sufficiency of evidence" claim in the instant federal habeas corpus petition. In any event, even assuming, *arguendo,* he had raised such a claim herein, petitioner would have faced a significant waiver hurdle, because he failed to present the federal constitutional issue to the Ohio Court of Appeals for its consideration on direct appeal, but rather only argued before that court that the verdict should be reversed under the state-law manifest-weight-of-the-evidence standard of review (*see* Doc. 5, Ex. 4, p. 4). *See, e.g., McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987) (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).

the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 485 N.E.2d 717, 720 (Ohio Ct. App. 1983); *see also Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins,* 678 N.E.2d 541, 546-48 (Ohio 1997), *superseded by state constitutional amendment on other grounds, State v. Smith,* 684 N.E.2d 668 (Ohio 1997), *cert. denied,* 523 U.S. 1125 (1998). Because a federal habeas court does not function as an additional state appellate court, vested with the supervisory authority to review such a claim of error under state law, petitioner's claim alleged in Ground Two that his conviction was against the manifest weight of the evidence cannot be considered by this Court.

In sum, the Court concludes that petitioner has not alleged a cognizable constitutional claim for relief in his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, respondent's motion to dismiss (Doc. 5) should be GRANTED, and petitioner's habeas petition (Doc. 1) be DISMISSED with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice.

2. With respect to petitioner's grounds for relief, which have been addressed on the merits herein, a certificate of appealability should issue only on the question deemed "adequate to deserve encouragement to proceed further" as to whether or not the protections afforded under the Fourteenth Amendment's Due Process Clause extended to require counsel on petitioner's first appeal of right either to file a notice of appeal on petitioner's behalf to the Ohio Supreme Court or to inform petitioner that his representation of petitioner had ended upon the affirmance of his conviction by the Ohio Court of Appeals, when petitioner asked counsel to pursue a further discretionary appeal to the Ohio Supreme Court. *See Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983); 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *see also United States v. King,* 11 Fed.Appx. 219 (4th Cir. May 23, 2001) (per curiam) (not published in Federal Reporter), *cert. denied,* 540 U.S. 851 (2003).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any

Order adopting this Report and Recommendation would be taken in "good faith" and, therefore, GRANT petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  11/29/2006           s/Timothy S. Hogan
    cbc                              Timothy S. Hogan
                                  United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\06-214mtd-grant.sol.noncog-DiscretApplError.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Jason Damen,
    Petitioner,

                                      Case No. 1:06cv214
    v.                           (Spiegel, S.J.; Hogan, M.J.)

Ernie Moore,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:06cv214 Doc. 6

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br>Jason Damen 457-849<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036-0056 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0006 5230 5325 |

PS Form 3811, August 2001 — Domestic Return Receipt — 102595-02-M-0835