UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON DAMEN, :
: NO. 1:06-CV-00214
    Petitioner, :
:
: **OPINION AND ORDER**
  v. :
:
:
ERNIE MOORE, :
:
    Respondent. :
:

    This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Respondent's motion to dismiss be granted (doc. 6), as well as Petitioner and Respondent's Objections to the Report (docs. 7, 8). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, GRANTS Respondent's motion to dismiss (doc. 5) and DISMISSES WITH PREJUDICE Petitioner's petition for writ of habeas corpus (doc. 1).

    On April 14, 2006, Petitioner, an inmate in state custody at the Lebanon Correctional Institute in Lebanon, Ohio, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner asserted three grounds for relief: (1) he was denied access to court when the Ohio Supreme Court denied his motion for delayed appeal in face of evidence establishing that a timely appeal would have been filed but for the ineffectiveness of

his appellate counsel; (2) his conviction was obtained against the manifest weight of evidence; and (3) he was denied effective assistance by appellate counsel, who impeded his case by failing either to file a notice of appeal to the Ohio Supreme Court on his behalf, or to notify Petitioner that he had discontinued representation (doc. 6).  Thereafter, on July 24, 2006, Respondent filed a motion to dismiss, claiming that (1) Petitioner's second claim for relief was barred from review by the applicable one-year statute of limitations; and (2) Petitioner's claims for relief were not cognizable because they failed to trigger federal constitutional concerns (doc. 5).

On November 30, 2006, the Magistrate Judge issued a Report and Recommendation, finding dismissal was appropriate (doc. 6).  The Magistrate Judge based this finding on Respondent's contention that Petitioner had not alleged a constitutional claim (Id.).  A federal court may not review a state prisoner's habeas petition "on the basis of a perceived error of state law." 28 U.S.C. 2254(a), Pulley v. Harris, 465 U.S. 37, 41 (1984).  After stating that "constitutional protections do not extend beyond the first appeal as of right to subsequent state discretionary appeals or collateral review," the Magistrate Judge concluded that Grounds One and Three of the petition did not trigger constitutional concerns, and thus did not give rise to a cognizable ground for relief in a federal habeas corpus proceeding (doc. 6, citing among

others, Coleman v. Thompson, 501 U.S. 722, 755-57(1991)). Further, the Magistrate Judge found that because Petitioner "only alleges error under Ohio law" in the "manifest-weight-of-the-evidence claim asserted in Ground Two of the petition," this claim was also not cognizable in this proceeding (Id.). In addition to recommending that Petitioner's writ of habeas corpus be dismissed with prejudice, the Magistrate Judge stated that a certificate of appealability should be issued only as to:

> [W]hether or not the protections afforded under the Fourteenth Amendment's Due Process Clause extended to require counsel on petitioner's first appeal of right either to file a notice of appeal on petitioner's behalf to the Ohio Supreme Court or to inform petitioner that his representation of petitioner had ended upon the affirmance of his conviction by the Ohio Court of Appeals, when the petitioner asked counsel to pursue a further discretionary appeal to the Ohio Supreme Court (Id.).

On December 7, 2006, Respondent filed an Objection to the Report and Recommendation (doc. 7). Specifically, Respondent takes issue with the Magistrate Judge's recommendation that a certificate of appealability be issued (Id.). Respondent argues that because an appeal to the Ohio Supreme Court is not an appeal of right, there is no constitutional guarantee to effective assistance of counsel (Id., citing State v. Buell, 70 Ohio St. 3d 1211 (1994)). Further, Respondent contends that counsel has no duty to file a notice of appeal for a discretionary appeal (Id.).

On December 13, 2006, Petitioner also filed an Objection

-3-

to the Report and Recommendation (doc. 8).  Petitioner first argues that the one-year time limitation does not defeat his petition because the doctrine of equitable tolling applies in this case (Id., citing among others, Duncan v. Walker, 533 U.S. 167 (2001)). Petitioner next contends that the Magistrate Judge erred in concluding that Petitioner's second ground for relief was not cognizable on federal review (Id.).  Petitioner states that the Magistrate Judge cites no controlling authority to support the finding that Petitioner's "manifest-weight-of-the-evidence" claim is not a constitutional claim (Id.).  Further, Petitioner avers, "the standard of review for manifest weight of the evidence claims is sufficient to implicate federal constitutional concerns under due process, equal protection and fair trial by impartial jury analyses" (Id.).

The Court finds both Respondent and Petitioner's objections without merit.  Respondent's assertions that there is no constitutional guarantee to effective assistance of counsel in a discretionary appeal and that appellate counsel does not have a duty to file a discretionary appeal are not completely on point. The question here is not whether counsel has a duty to file a discretionary appeal, but whether counsel must inform the client whether or not he plans to do so when the client has specifically asked counsel to file the appeal.  The case law relied upon by Respondent does not address this narrow question as framed by the

Magistrate Judge.  The standard for issuing a certificate of appealability is that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted).  The Court agrees with the Magistrate Judge's conclusion that the narrow question of whether appellate counsel has duty to inform a client of counsel's action or inaction in filing a discretionary appeal is "adequate to deserve encouragement to proceed further" (doc. 6)  Therefore, Respondent's objection is overruled.

The Court likewise overrules Petitioner's objections. First, Petitioner's assertion that the doctrine of equitable tolling applies to this case is irrelevant.  The Magistrate Judge's opinion is premised on the finding that Petitioner's grounds for relief do not invoke constitutional concern.  Even assuming Petitioner had timely filed the petition or that equitable tolling is appropriate, dismissal of the petition is still  appropriate for that reason.

In fact, Petitioner's equitable tolling argument would only be relevant if the Court found that, as Petitioner avers, the petition is cognizable to federal habeas review.  However, the Court is not convinced by Petitioner's contention that Ground Two

of his petition invokes constitutional concerns.  To the contrary, it is well established that a manifest-weight of the evidence claim does not raise an issue of federal law.  See e.g. Nash v. Eberlin, 437 F.3d 519, 521 (6th Cir. 2006)(claim that conviction is against the manifest weight of the evidence does not raise an issue of federal law), Bryant v. Hudson, 2006 WL 2849769, *3 (N.D. Ohio, 2006), Hess v. Eberlin, 2006 WL 2090093 (S.D. Ohio, 2006), Tanner v. Wolfe, 2006 WL 3452414, (S.D. Ohio, 2006), Twitty v. Warden, 2006 WL 2728694 (S.D. Ohio, 2006).  Thus, Petitioner's objections are overruled.

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 6) in its entirety.  Therefore, Respondent's motion to dismiss (Doc. 5) is GRANTED, and Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED with prejudice.

A certificate of appealability is ISSUED only on the question deemed "adequate to deserve encouragement to proceed further" as to whether or not the protections afforded under the Fourteenth Amendment's Due Process Clause extended to require counsel on petitioner's first appeal of right either to file a notice of appeal on petitioner's behalf to the Ohio Supreme Court or to inform petitioner that his representation of petitioner had ended upon the affirmance of his conviction by the Ohio Court of

Appeals, when petitioner asked counsel to pursue a further discretionary appeal to the Ohio Supreme Court. See <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983); 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); see also <u>United States v. King</u>, 11 Fed.Appx. 219 (4th Cir. May 23, 2001) (per curiam) (not published in Federal Reporter), cert. denied, 540 U.S. 851 (2003).

Additionally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith" and, therefore, GRANTS Petitioner leave to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> upon a showing of financial necessity. See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 27, 2007  <u>/s/ S. Arthur Spiegel</u>
S. Arthur Spiegel
United States Senior District Judge